

**Service of Process Transmittal**
02/01/2021
CT Log Number 538982891



| | |
|---|---|
| **TO:** | Litigation Department<br>Federal Express Corporation<br>3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B<br>MEMPHIS, TN 38125 |
| **RE:** | **Process Served in Oklahoma** |
| **FOR:** | Fedex Corporate Services, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHRISTIAN MARTIN BOYLE, Pltf. vs. FEDEX CORP., etc., Dft.<br>*Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Summons, Petition |
| **COURT/AGENCY:** | Cleveland County District Court, OK<br>Case # CJ2020614 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Oklahoma City, OK |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/01/2021 postmarked on 01/29/2021 |
| **JURISDICTION SERVED :** | Oklahoma |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Lewis A. Berkowitz<br>4334 N.W. Expressway Suite 249<br>Oklahoma City, OK 73116<br>405-832-7044 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/02/2021, Expected Purge Date: 02/07/2021<br><br>Image SOP<br><br>Email Notification,  Litigation Department  lydia.langbein@fedex.com<br><br>Email Notification,  Stacey Stephens  stacey.stephens@fedex.com<br><br>Email Notification,  Cynthia Schwind  cynthia.schwind@fedex.com<br><br>Email Notification,  Kathy Miller  khmiller@fedex.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>1833 South Morgan Road<br>Oklahoma City, OK 73128<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  2 / KD

**EXHIBIT B**



|  |  |
|---|---|
| **TO:** | Litigation Department<br>Federal Express Corporation<br>3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B<br>MEMPHIS, TN 38125 |
| **RE:** | **Process Served in Oklahoma** |
| **FOR:** | Fedex Corporate Services, Inc.  (Domestic State: DE) |

**Service of Process Transmittal**
02/01/2021
CT Log Number 538982891

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / KD

Berkowitz Law Firm, Inc.
4734 NW Expressway Suite 249
OKC OK 73116

7020 0640 0000 6035 6937

U.S. POSTAGE PAID
FCM LG ENV
OKLAHOMA CITY, OK
73120
JAN 29, 21
AMOUNT
**$7.85**
R2303S102089-02

73128

FedEx Corp, d/b/a FedEx Express Corporation
C/o Corporation Company
800 S. Meridian Rd
Oklahoma City, OK 73128

# IN THE DISTRICT COURT IN AND FOR CLEVELAND COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CHRISTIAN MICHALE BOYLE, | ) |
|     Plaintiff, | ) |
| v. | ) CJ-2020-614 |
| | ) |
| FEDEX CORP., d/b/a FEDEX EXPRESS | ) |
| CORPORATION, | ) |
|     Defendant. | ) |

## **SUMMONS**

To the above-named Defendant(s): FEDEX CORP., d/b/a FEDEX EXPRESS CORPORATION, by serving the Corporation Company, `833 S. Morgan Road Oklahoma City, Oklahoma 73128.

You have been sued by the above-named Plaintiff(s), and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for Plaintiff.

    Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this <u>8th</u> day of December 2020

                                                             Marilyn Williams,  COURT CLERK

                                      By: <u>   Samantha Lovelady   </u>
(Seal)                                             Deputy Court Clerk

Attorney for Plaintiff: Lewis A. Berkowitz OBA #733 4334 N.W. Expressway Suite 249 Oklahoma City, OK 73115 405-843-7044, 405-285-2019 fax, berkolaw@cox.net

    This summons was served on   _____ .
                                                  (date of service)

                                        Signature of person serving summons

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME STATED IN THE SUMMONS.

# IN THE DISTRICT COURT IN AND FOR CLEVELAND COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CHRISTIAN MARTIN BOYLE, | ) |
| Plaintiff, | ) |
| v. | ) CJ-2020- 614 (TB) |
| FEDEX CORP., d/b/a FEDEX EXPRESS CORPORATION, | ) |
| Defendant. | ) |

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }

FILED

JUN 17 2020

In the office of the
Court Clerk MARILYN WILLIAMS

### PETITION

Comes now Plaintiff, Christian Martin Boyle, Pro Se and for his Causes of Action against Defendant, Fedex Corp., d/b/a Fedex Express Corporation, alleges and states the following:

### PARTIES AND JURISDICTION

1. Plaintiff is a citizen of Oklahoma residing in Cleveland County, Oklahoma.

2. Defendant is a business entity incorporated under the laws of the State of Delaware doing business in various counties including Cleveland County, Oklahoma.

3. This action arises due to Defendant's violation of Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 29 U.S.C. section 621 et seq, and the Americans with Disabilities Act of 1990 as amended and retaliation for complaining of protected activity.

### GENERAL FACTS

4. Plaintiff is a fifty nine year old male.

5. Plaintiff began employment with Defendant on or about 1984.

6. Plaintiff suffered job related health problems resulting in a need to enter the Defendant's Rehabilitation Program and was terminated upon completion of that program. Defendant provided misinformation and omitted other relevant information and in so doing made it impossible for Plaintiff to meet performance goals and requirements. Part of the omitted information was to not mention the possibility of filing a Workers' Compensation claim to compensate Plaintiff for the job related stress resulting in the need to enter Defendant's Rehabilitation Program. Defendant allowed other employees to meet performance goals and requirements by fraudulently reporting deliveries or failure to deliver items to customers and reporting items destroyed. Defendant justified its action based on statistics that did not account for things beyond the control of Plaintiff such as storms that delayed the arrival of packages that were late before they were delivered into the control of Plaintiff. Many actual late deliveries were the result of delays imposed at the gates of Tinker Airforce base. These delays were necessary because of the need for enhanced security in this age of world wide terrorism. Defendant, ratified the actions of its personnel who supervised Plaintiff by calling him "Tinker Boy", and who responded to inquiries as to how to solve the problems to ask other employees how they met goals and requirements, by violating company policies and falsely reporting customer packages lost or destroyed. Defendant failed to properly exhaust its own in house administrative remedies. Defendant withheld Plaintiff's paycheck until Plaintiff paid an overpayment.

7. Defendant terminated Plaintiff on March 8, 2017.

8. Plaintiff was fifty nine years old at the time of his termination.

9. At all times, Defendant's employees, supervisors and agents were acting within the scope of their employment. Defendant knew or should have known of the acts of its representatives,

discriminated against Plaintiff because of his age, sex, physical impairment and for reporting violations of the law and wrongfully terminated Plaintiff.

10. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 27, 2018 alleging disparate treatment and disparate impact pursuant to Title VII of the Civil Rights Act, the Age Discrimination in Employment Act and the Americans with Disabilities Act of 1990

11. Plaintiff was issued a Notice of Right to Sue on March 8, 2018, which is more than 180 days after the filing of the Equal Employment Opportunity Commission Charge of Discrimination. Plaintiff has exhausted his administrative remedies. Plaintiff previously filed this action and Defendant removed the case to the United States District Court for the Western District of Oklahoma. The case was dismissed without prejudice and this case is now being timely refiled.

## FIRST CAUSE OF ACTION GENDER DISCIMINATION

Paragraphs 1-11 are incorporated by reference.

12. As a result of Defendant's discriminatory actions, Plaintiff has suffered the effects of gender discrimination which is a violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, 42 U.S.C. section 2000(e) et seq. and has lost wages and benefits including future wages and benefits.

13. The Actions of Defendant, through its representatives, caused Plaintiff to suffer emotional distress, humiliation and embarrassment. Defendant's actions were intentional and willful and without regard for the rights of Plaintiff and others similarly situated.

14. Plaintiff is entitled to an award of back pay, compensatory damages, exemplary damages, pre-judgment interest and costs.

## SECOND CAUSE OF ACTION AGE DISCRIMINATION

Paragraphs 1-14 are incorporated by reference.

15. As a result of Defendant's discriminatory actions, Plaintiff has suffered the effects of age discrimination which is a violation of the Age Discrimination in Employment Act, 29 U.S.C. section 621 et. seq and has lost wages and other benefits of employment.

16. The Actions of Defendant, through its representatives, caused Plaintiff to suffer emotional distress, humiliation and embarrassment. Defendant's actions were intentional and willful and without regard for the rights of Plaintiff and others similarly situated.

17. Plaintiff is entitled to an award of back pay, compensatory damages, exemplary damages, pre-judgment interest and costs.

### THIRD CAUSE OF ACTION 'AMERICANS WITH DISABIITIES ACT

Paragraphs 1-17 are incorporated by reference.

18. As a result of Defendant's discriminatory actions Plaintiff suffered the effects of Discrimination on account of having a physical impairment which is a violation of the Americans with Disabilities Act.

19. The Actions of Defendant, through it representatives, caused Plaintiff to suffer emotional distress, humiliation and embarrassment. Defendant's actions were intentional and willful and without regard for the rights of Plaintiff and others similarly situated.

20. Plaintiff is entitled to an award of back pay, compensatory damages, exemplary damages, pre-judgment interest and costs.

### FOURTH CAUSE OF ACTION RELIGIOUS DISCRIMINATION

Paragraphs 1-20 are incorporated by reference.

21. As a result of Defendant's discriminatory actions Plaintiff suffered the effects of Discrimination on account of being of a different faith from those who committed the acts complained of, which is a violation of Title VII of the Civil Rights Act of 1964, and Sections 102 and 103 of the Civil Rights Act of 1991, as amended.

22. The Actions of Defendant, through its representatives, caused Plaintiff to suffer emotional distress, humiliation and embarrassment. Defendant's actions were intentional and willful and without regard for the rights of Plaintiff and others similarly situated.

23. Plaintiff is entitled to an award of back pay, compensatory damages, exemplary damages, pre-judgment interest and costs.

### FIFTH CAUSE OF ACTION NATIONAL ORIGIN DISCRIMINATION

Paragraphs 1-23 are incorporated by reference.

24. As a result of Defendant's discriminatory actions Plaintiff suffered the effects of Discrimination on account of being a different nationality, which is a violation of Title VII of the Civil Rights Act of 1964 as amended.

25. The Actions of Defendant, through its representatives, caused Plaintiff to suffer emotional distress, humiliation and embarrassment. Defendant's actions were intentional and willful and without regard for the rights of Plaintiff and others similarly situated.

26. Plaintiff is entitled to an award of back pay, compensatory damages, exemplary damages, pre-judgment interest and costs.

Wherefore, Plaintiff prays for Judgment against Defendant in an amount in excess of $10,000.00, for costs of this action, for a Jury trial and for such other relief as the Court deems just and equitable.

### SIXTH CAUSE OF ACTION FRAUD

Paragraphs 1-26 are incorporated by reference.

27. During Plaintiff's employment, Defendant made representations, promises and policies with no intention of performing them or interpreting in good faith such terms and provisions. Defendant knew such promises were false and were made with the intent and purpose to deceive Plaintiff, the general public, and all others similarly situated, and to induce them to purchase and

accept the protection of the promises, representations and policies. Defendant further knew Plaintiff believed such representations, promises and policies to be true and that Plaintiff would and did justifiably rely on such promises.

28. As a direct and proximate result of the conduct of Defendant, Plaintiff has sustained substantial compensable losses, including benefits withheld, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, loss of salary and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $10,000.00.

29. At all material times and in doing the things alleged herein, Defendant knew Plaintiff was relying on the financial assistance from the representations, promises and policies as promised by Defendant. Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendant intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $10,000.00.

Wherefore, Plaintiff prays for Judgment against Defendant in an amount in excess of $10,000.00, for costs of this action, for a Jury trial and for such other relief as the Court deems just and equitable.

### SEVENTH CAUSE OF ACTION INTERFERENCE WITH A PROTECTED PROPERTY INTEREST

Paragraphs 1-29 are incorporated by reference.

30. At all material times and in doing the things alleged, Defendant knew Plaintiff was relying on the financial assistance from representations, promises and policies and had a protected property interest in such benefits. Nevertheless, Defendant intentionally and willfully interfered with such protected property interest of Plaintiff by failing to apply a reasonable

interpretation of the facts, law or terms of the representations, promises and policies.

31. As a direct and proximate result of the conduct of Defendant, Plaintiff has sustained substantial compensable losses, including benefits withheld, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $10,000.00.

32. At all material times and in doing the things alleged herein, Defendant knew Plaintiff was relying on the financial assistance from the representations, promises and policies as promised by Defendant. Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendant intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $10,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendant in an amount in excess of $10,000.00 actual damages, an amount in excess of $10,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

### EIGHTH CAUSE OF ACTION BREACH OF FIDUCIARY DUTY

Paragraphs 1-32 are incorporated by reference.

33. Defendant, by making the representations, promises and policies to Plaintiff and accepting thirty two years of service from Plaintiff, agreed and promised that if Plaintiff suffered as set forth in the facts above then

Defendant would investigate the claim, using experienced supervisory personnel, provide Plaintiff with the information necessary to file informed and valid claims, to promptly and unambiguously follow those representations, promises and policies and that when Plaintiff incurred a need for those representations, promises and policies then the duty of Defendant to live up to those promises, procedures and policies would arise.

34. Plaintiff submitted claims to Defendant which gave rise to Defendant's duty to investigate and live up to those promises, representations and policies as alleged. After this duty to live up to the representations, promises and policies arose, such benefits were no longer the property of Defendant but was held by Defendant for the sole benefit and use of Plaintiff, thereby creating a fiduciary relationship between Defendant and Plaintiff. A beneficiary is entitled to a remedy which will put him in the position in which he would have been if the trustee had not committed the breach of trust.

35. Defendant has breached its fiduciary duty owed to Plaintiff by the acts or omissions set forth herein, all to Plaintiff's damage as alleged.

36. As a direct and proximate result of the conduct of Defendant, Plaintiff has sustained substantial compensable losses, including benefits withheld, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $10,000.00.

37. At all material times and in doing the things alleged herein, Defendant knew Plaintiff was relying on the financial assistance from the representations, promises and policies as promised by Defendant. Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendant intended to and did vex, injure and annoy Plaintiff so as to justify the

assessment of punitive and exemplary damages in an amount in excess of $10,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendant in an amount in excess of $10,000.00 actual damages, an amount in excess of $10,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

### NINTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraphs 1-37 are incorporated by reference.

38. At all material times and in doing the things alleged, Defendant knew Plaintiff was relying on the financial assistance from the promises, representations and policies as promised by Defendant. Nevertheless, acting outrageously and with the intention of inflicting severe emotional distress on Plaintiff, Defendant accused or implied Plaintiff had been the cause of matters that were beyond Plaintiff's control and by wrongfully denying the promises, representations and policies made Plaintiff feel impotent and powerless to remedy the wrongs inflicted upon him.

39. Defendant acted outrageously and with the intention of inflicting severe emotional distress on Plaintiff in an effort to break Plaintiff's spirit and will and force him to waive his legal rights to compensation in an amount in excess of $10,000.00.

40. At all material times and in doing the things alleged herein, Defendant knew Plaintiff was relying on the financial assistance from the representations, promises and policies as promised by Defendant. Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendant intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $10,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendant in an amount in excess of $10,000.00 actual damages, an amount in excess of $10,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

## TENTH CAUSE OF ACTION RICO

Paragraphs 1-40 are incorporated by reference.

41. Defendants devised a device, artifice and a scheme to defraud Plaintiff and Defendant's customers for the purpose of obtaining and did obtain from Plaintiff and Defendant's customers money or property in a manner prohibited by 18 U.S.C. sections 1341 and 1343.

42. In the course of and in furtherance of Defendant's scheme to defraud Plaintiff and Defendant's customers, Defendant utilized or caused to be utilized the United States Mail and interstate wire facilities on two or more occasions within the past ten years.

43. By reason of the foregoing, Defendants devised, participated and conspired with others in practices, schemes, artifices, devices and conduct which constitute a pattern of racketeering activity as defined in 18 U.S.C. section 1961.

44. Defendants and their agents, individually or in an association between or among two or more of them, constitute an enterprise as defined in 18 U.S.C. section 1961(4).

45. The activities of the enterprise affected interstate or foreign commerce.

46. Defendants, in their association with the enterprise, conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, thereby violating 18 U.S.C. section 1962(c).

47. As a direct and proximate result of the conduct of Defendant, Plaintiff has sustained substantial compensable losses, including benefits withheld, and economic losses, such as attorney fees, loss of credit, interest on borrowed money,

travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $10,000.00.

48. At all material times and in doing the things alleged herein, Defendant knew Plaintiff was relying on the financial assistance from the representations, promises and policies as promised by Defendant. Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendant intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $10,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendant in an amount in excess of $10,000.00 actual damages, an amount in excess of $10,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

### ELEVENTH CAUSE OF ACTION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Paragraphs 1-48 are incorporated by reference.

49. Defendants engaged in interstate commerce and in the course of such commerce paid to agents and employees of Defendant commissions or compensation in the form of secret payments, excessive payments or bribes to induce these agents and employees of Defendant to issue opinions and decisions to provide fraudulent documentation to justify the decision to terminate Plaintiff.

50. Such payments constitute commercial bribery, a per se violation of section 2(c) of the Robinson-Patman Act 15 U.S.C. section 13(c). By reason of the unlawful payments made by Defendants to their agents and employees, the damages sustained by Plaintiff in an unliquidated amount that continues to accrue, include insurance benefits, an attorney's fee, all costs of this action and interest.

WHEREFORE, premises considered, Plaintiff prays for a judgment against .Defendant in an amount in excess of $10,000.00 actual damages, an amount in excess of $10,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

TWELFTH CAUSE OF ACTION BREACH OF CONTRACT

Paragraphs 1-50 are incorporated by reference.

51. Plaintiff and Defendant entered into a contract of employment and that contract was in force for thirty two years.

52. At all material times the contract of employment was in full force and effect.

53. Plaintiff performed all conditions under the contract but Defendant breached the contract by terminating Plaintiff contrary to the terms of the contract.

54. Plaintiff is entitled to the benefits of working under the employment contract. Although demand for employment and payment under that employment has been made, Defendant has refused and continues to refuse to employ Plaintiff and pay Plaintiff. There is therefore the sum due in an amount in excess of $10,000.00, for breach of contract.

WHEREFORE, premises considered, Plaintiff prays for a judgment against .Defendant in an amount in excess of $10,000.00 actual damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

THIRTEENTH CAUSE OF ACTION CONVERSION

Paragraphs 1-54 are incorporated by reference.

55. On or about March 8, 2017, Defendant converted to its own use the money represented by Plaintiff's paycheck, which is the property of Plaintiff. Defendant attempted to justify the conversion as a setoff for money overpaid by Defendant to Plaintiff, but this action amounted to a presuit, prejudgment garnishment.

56. As a direct and proximate result of the conduct of Defendant, Plaintiff has sustained substantial compensable losses, including benefits withheld, and economic losses, such as attorney fees, loss of credit, interest on borrowed money, travel and other incidental expenses, and has suffered embarrassment, humiliation, physical, severe mental and emotional distress and discomfort, all to Plaintiff's detriment and damage in an amount in excess of $10,000.00.

57. At all material times and in doing the things alleged herein, Defendant knew Plaintiff was relying on the financial assistance from the paycheck. Nevertheless, acting fraudulently, oppressively, maliciously, and outrageously toward Plaintiff, with conscious disregard for Plaintiff's known rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship to Plaintiff, Defendant intended to and did vex, injure and annoy Plaintiff so as to justify the assessment of punitive and exemplary damages in an amount in excess of $10,000.00.

WHEREFORE, premises considered, Plaintiff prays for a judgment against Defendant in an amount in excess of $10,000.00 actual damages, an amount in excess of $10,000.00 as punitive and exemplary damages, pre and post judgment interest, attorney fees, all costs of this action, a jury trial and such other relief as the Court may deem just and equitable.

Respectfully submitted,

_____
Lewis A. Berkowitz OBA #733
Attorney for Plaintiff
4334 N.W. Expressway Suite 249
Oklahoma City, OK 73116
405-832-7044
405-285-2019
berkolaw@cox.net